IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R.H.,<br><br>Petitioner,<br><br>vs.<br><br>CALIFORNIA CITY WARDEN,<br><br>Respondent. | Civil No. 1:26-cv-06940-MWJS<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 235-673-570 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Jose R.H.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner entered the country in January 2018. *Id.* at pg. 6. He was arrested and detained by U.S. Immigration and Customs Enforcement following a traffic stop in July 2026. *Id.* at pg. 4.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention is unlawful and that he should be granted a bond hearing. *Id.* at pg. 7. This court and many others have granted relief in analogous cases. *See, e.g.*, *Juana G.R.P. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04406-MWJS, 2026 WL

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

1712375 (E.D. Cal. June 12, 2026); *Bertoldo B.F. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-03634-MWJS, 2026 WL 1638322 (E.D. Cal. June 4, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

In his timely and candid response, Respondent acknowledges that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), and Petitioner is bond eligible. Dkt. No. 6, at pg. 1. Respondent does not "object to the [c]ourt ordering that a bond hearing be scheduled." *Id.* Given the foregoing, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing.

Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless he demonstrates, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondent shall file a status report on or before September 10, 2026, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

The Clerk of Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATED: September 3, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge